[Civ. No. 4414. First Appellate District, Division Two.—November 22, 1923.]

MARIE LOUISE SOARES, as Administratrix, etc., Respondent, v. JAMES C. DAVIS, as Agent, etc., Appellant.

[1] NEGLIGENCE—DEATH CAUSED BY RAILROAD TRAIN—FINDINGS—EVIDENCE.—In this action for damages for the death of plaintiff's intestate caused by being struck by a railroad train operated by defendant, the evidence conclusively showed that the finding of negligence on the part of defendant was not supported.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Reversed.

The facts are stated in the opinion of the court.

Louis O'Neal and Wm. F. James for Appellant.

Archer Bowden and John J. Jones for Respondent.

NOURSE, J.—Plaintiff, as administratrix of the estate of Joseph C. Soares, recovered judgment in the sum of $1,500 as damages for his death caused by being struck by a railroad train operated by the defendant as agent for the United States government under the federal transportation act of 1920 (U. S. Comp. Stats., Ann. Supp. 1923, sec. 10071¼). The case was tried without a jury and the trial court returned findings to the effect that the death of Soares resulted from his being struck by a locomotive attached to a train and operated by the defendant and that it was caused by the negligence of the defendant, ''by his negligent operation, direction and control of said engine and coaches and said railroad track.'' The defendant had specially pleaded the defenses of contributory negligence and assumed risk, but upon these issues no findings were made.

Upon this appeal appellant assigns as error the failure of the trial court to find on these two special defenses, and error in the findings upon the defendant's negligence. [1] It is not necessary to discuss the points relating to the court's failure to find upon the two special defenses because a review of the evidence conclusively shows that the finding upon appellant's negligence is not supported.

Briefly, the facts are that the deceased was employed in a section gang of seven men under the charge of a foreman and at the time of the accident was working on the railroad tracks of the Southern Pacific Company at a point just outside of the city of Santa Clara. He was working at a point about 250 or 300 feet from the rest of the section gang as the train operated by the appellant approached. The foreman, who was stationed near the body of the section gang, warned them to get out of the way of the train and also called to the deceased warning him of the approaching danger. The deceased was looking directly at the foreman at the time this warning was given and no contention is made that he failed to hear the warning. In addition to this the engineer of the train gave several loud sharp whistles of warning and the bell upon the engine was automatically ringing throughout the approach of the train and until after the deceased was struck. All the evidence goes to show that the deceased was in possession of all his faculties of seeing and hearing, that he could not have failed either to have heard or seen the various warnings of danger which were

given him.   There is no conflict in the evidence except as to the giving of the whistles by the engineer.   In this respect both the engineer and a number of other witnesses testified positively that the whistle was sounded several times during the approach of the train and always at a time which would have enabled the deceased to get out of a place of danger. Two witnesses on behalf of respondent testified that they did not hear the whistle sounded until after the deceased was struck.   There is, however, no denial of the positive testimony that the foreman gave a timely warning and that the bell on the engine was continually sounding the approach of the train.

There is no contention that the appellant violated any ordinance, statute, or other regulation in the operation of the train, that the tools, appliances, or equipment were unsafe or inefficient, that the train was operated at an illegal or unreasonable rate of speed, or, in fact, that any specific act on the part of the appellant in the operation of the train was careless or negligent.

For these reasons the judgment is reversed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1924.